UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MILLENNIUM PIPELINE COMPANY, L.L.C.,

                                          Plaintiff,

                                                                     <u>DECISION AND ORDER</u>

                                                                         07-CV-6511L

                                          v.

ACRES OF LAND, INC., et al.,

                                          Defendants.
_____

## INTRODUCTION

      Plaintiff, Millennium Pipeline Co., L.L.C. ("Millennium"), commenced this action under the Natural Gas Act ("NGA"), 15 U.S.C. § 717 *et seq.*, seeking an order granting Millennium temporary and permanent easements in certain real property ("Property") in Chemung County, New York.[1] The primary purpose of the easements is to allow Millennium to construct and maintain a natural gas pipeline on the Property, which is owned by defendants Richard Miller and Acres of Land, Inc.

      Pursuant to a Stipulation and Consent Order (Dkt. #11) entered February 6, 2008, the Court granted Millennium a temporary easement granting it immediate access to the Property, to allow it to construct and operate the pipeline. The pipeline has been constructed and has been in operation since 2008.

---

[1] The specific easements sought are 50 feet in width, located on two parcels of property in the Town of Veteran, Chemung County, New York. *See* Declaration of Karla M. Corpus, Esq. (Dkt. #51-1) ¶ 4. The Property and requested easements are fully described in the complaint (Dkt. #1), ¶¶ 5-8, and in Exhibits 3 and 4 thereto. There does not appear to be any dispute concerning the accuracy of the description of the Property or of the particular easement sought.

Millennium now moves for summary judgment (Dkt. #51) granting it permanent easements across the Property, and for an order appointing a three-person commission to determine the appropriate compensation in this case. Defendants' attorney has filed a declaration in opposition to the motion (Dkt. #54).

In addition, defendants' attorney, David B. Pawlak, Esq., has moved for leave to withdraw as defendants' attorney, principally due to defendants' failure to meet their financial obligations to counsel (Dkt. #58). Magistrate Judge Jonathan W. Feldman denied that motion on April 3, 2015, without prejudice to its renewal after my decision on the motion for summary judgment (Dkt. #59).

**DISCUSSION**

**I. General Principles**

The NGA grants private natural gas companies the right to obtain interests in real property through eminent domain, provided that they hold a Certificate of Public Convenience and Necessity ("Certificate") from the Federal Energy Regulatory Commission ("FERC"), and either cannot acquire property by contract, or are unable to agree with the property owner on the amount of compensation to be paid for a necessary right of way for the transportation of natural gas. *Maritimes v. Northeast Pipeline, L.L.C. v. Decoulos*, 146 Fed.Appx. 495, 498 (1st Cir. 2005) (citing 15 U.S.C. § 717f(h)) (per curiam).

Once a Certificate is issued by FERC, and the gas company is unable to acquire the needed land by contract or agreement with the owner, "the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid to the property owner as just compensation for the taking." *Id.*; *Millennium Pipeline Co., L.L.C. v. Certain Permanent and Temporary Easements*, 777 F.Supp.2d 475, 483 (W.D.N.Y. 2011).

With respect to just compensation, Rule 71.1 of the Federal Rules of Civil Procedure provides that if one of the parties has demanded a jury trial, the court in its discretion may appoint

a three-person commission to determine the appropriate compensation, "because of the character, location, or quantity of the property to be condemned or for other just reasons." *Id.*; *see Millennium*, 777 F.Supp.2d at 478 n.1; *Rockies Exp. Pipeline, LLC v. 4.895 Acres of Land*, No. 08-cv-554, 2008 WL 5050644, at *2 (S.D.Ohio Nov. 20, 2008). *See also Alliance Pipeline L.P. v. 4.360 Acres of Land*, 746 F.3d 362, 367 (8th Cir. 2014) ("there is no constitutional right to a jury in eminent domain proceedings") (quoting *United States v. Reynolds*, 397 U.S. 14, 18 (1970)).

**II. Application to this Case**

After reviewing the parties' submissions, I conclude that Millennium's motion for a permanent easement must be granted. First, the record shows that Millennium has been issued a FERC Certificate. In addition, there is no dispute that the parties have failed to agree on a price for the taking. There also appears to be no dispute that the requested easement is necessary for the project to proceed.

Defendants' attorney Pawlak has filed a declaration in opposition to Millennium's motion for summary judgment (Dkt. #54). Pawlak states that defendants "do not take issue" with Millennium's motion, "insofar as it sets forth [the] Relief Requested," but they dispute plaintiff's assertion that Millennium has attempted to negotiate just compensation for the easements in good faith. *See id.* ¶ 4.

Defendants also object to some of the language contained in plaintiff's proposed permanent easement, insofar as that language (*e.g.*, a provision limiting defendants' ability to put in "paved roads") may impede defendants' ability to develop the Property. Pawlak states that it has been defendants' "intention to sell lots for the construction of a subdivision" on the Property. He contends that the terms of the proposed easement would render that difficult, if not impossible. (Dkt. #54 ¶¶ 8, 9.)

I find no basis in the record for a finding that plaintiff has not negotiated in good faith. In fact, the evidence shows that the parties engaged in extensive discussions over a proposed easement,

that they came tantalizingly close to an agreement, and that their deal was largely derailed due to issues involving the withdrawal of plaintiffs' then-counsel.

It seems that at one point, the parties had essentially reached an agreement on the terms of a permanent easement. The deal apparently fell through largely because defendants' then-counsel, Harter Secrest & Emery LLP ("HSE"), was granted leave to withdraw. (Dkt. #55.) That left defendants represented by defendants' current attorney, David Pawlak. Pawlak had represented defendants prior to HSE's entry into the case, and from that point he had remained in the case as an attorney of record, but he essentially took a back seat to HSE. Thus, when HSE was granted leave to withdraw, Pawlak resumed his status as defendants' sole counsel. In the meantime, the proposed easement agreement was never consummated, and defendants are apparently unwilling to enter into it now. *See* Decl. of Karla M. Corpus, Esq. (Dkt. #51-1) ¶¶ 33, 34 and Ex F.[2]

Defendants' other objections, concerning their plans for the Property, go not to whether Millennium is entitled to a permanent easement, but to the issue of just compensation. That is a matter for the trier of fact. Even assuming the truth of defendants' assertion that the proposed easement would interfere with their plans for the Property, that relates to the economic impact of the taking, which can be compensated through a monetary award. It does not affect Millennium's entitlement to summary judgment or to a permanent easement, which, as stated, has been demonstrated.

As to plaintiffs' request to appoint a commission to determine the appropriate compensation, defendants have requested a jury trial. *See* Dkt. #18. But defendants now state that they "do[] not necessarily oppose" plaintiff's request to appoint a commission to determine just compensation,

---

[2]There is a good deal of authority that the NGA does not require the plaintiff to have negotiated in good faith with a landowner as a prerequisite to relief through eminent domain. *See Millennium Pipeline Co., L.L.C. v. Certain Permanent and Temporary Easements*, 777 F.Supp.2d 475, 482 (W.D.N.Y. 2011). I need not reach that issue, however, as I find no basis for a finding that Millennium has not negotiated in good faith.

except that defendants "do not want to incur additional costs which may be associated with the appointment of and involvement with a commission." Pawlak Decl. ¶ 10.

As stated, there is no right to a jury trial in condemnation cases. *Reynolds*, 397 U.S. at 18. In light of that well-established principle, as well as the parties' stated positions, the Court will set this matter down for a bench trial. The jury demand was made by defendants, who now have apparently waived that request, and who state that their primary concern at this point is to avoid incurring further costs. A bench trial would likely minimize the costs associated with the finding of facts relating to just compensation. And since Millennium itself did not request a jury trial, it presumably is amenable to a non-jury trial of the remaining issues relating to compensation.

With respect to the terms of the easement, the parties' current positions appear to be based on the proposed easement agreement, referenced above, which was never consummated. *See* Dkt. #51-1 Ex. G. Since I find that defendants' objections to the terms of that easement relate only to the matter of just compensation, I grant plaintiff's motion for summary judgment, in part, and grant it a permanent easement across defendants' property for maintenance and operation of a natural gas pipeline. Plaintiff is to submit a proposed order containing the legal description of defendants' property affected by the easement.

## CONCLUSION

Plaintiff's motion for summary judgment (Dkt. #51) is granted in part. The Court grants plaintiff a Permanent Easement over a portion of defendants' property. Plaintiff is directed to submit to the Court a proposed order containing the legal description of defendants' property affected by the easement within fourteen (14) days of the date of entry of this Decision and Order.

Defendants' attorney's motion (Dkt. #58) for leave to withdraw as counsel is granted.

The Court will commence a bench trial on November 16, 2015, to determine the amount of just compensation to be awarded in this case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 27, 2014.