UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MILLENNIUM PIPELINE COMPANY, L.L.C.,

                              Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                            07-CV-6511L

                        v.

ACRES OF LAND, INC., et al.,

                              Defendants.
_____

This condemnation proceeding is scheduled for a hearing on November 16, 2015, to determine the amount of just compensation due for a partial taking involving four parcels of land in the Town of Veteran, County of Chemung, New York. Plaintiff, Millennium Pipeline Company ("Millennium") has filed a motion for a finding of default, and for summary judgment, as well as a motion *in limine*.

## BACKGROUND

At the time the action was filed, three of the four parcels were owned by the corporate defendant, Acres of Land, Inc. ("Acres"), and the fourth was owned by the individual defendant, Richard G. Miller. Miller is the president and sole shareholder of Acres.

Acres and Miller were at one time represented by counsel, but they apparently neglected or refused to pay their attorneys, who have since withdrawn from the case. Prior to counsel's departure, defendants hired a professional appraiser, Michael G. Coles, to provide a report and appraisal of the affected parcels.

At several junctures in this litigation, the Court made clear to defendants that Acres, like any other corporation, could not appear in this case other than through an attorney. *See* Dkt. #55 at 3 ("Defendants are advised that corporations must be represented by counsel, and failure to appear with counsel may justify the entry of a default judgment against a corporate defendant"); Dkt. #59 at 1 ("While defendant Richard G. Miller may be able to proceed as a *pro se* litigant in this action, it is well established that corporations must be represented by counsel, and the failure to appear with counsel could subject corporate defendant Acres of Land, Inc. to the entry of a default judgment against it"); Dkt. #66 at 1 (permitting plaintiff to serve a deposition notice on Coles, but giving defendants "a reasonable period of time ... to obtain counsel for the defendant Acres of Land, Inc.").

Acres has not obtained new counsel. Instead, by letter dated August 31, 2015, Miller advised the Court and Millennium that Acres had conveyed to him the parcels of land owned by Acres that are at issue in this litigation, and all its interests in this action. Miller added his "presumption that [he] can proceed with pro-se representation regarding all claims." Dkt. #68-1 at 30. In other words, Miller has now taken the position that he, in his individual capacity, is the sole owner of all the lands in question here, and that he intends to proceed *pro se*.

## DISCUSSION

While Millennium has moved for three separate forms of relief–for default, a ruling *in limine*, and summary judgment–all three of those rest on a single basic line of argument, stemming from certain premises.

First, Millennium contends that Acres is in default, insofar as it has not retained an attorney. Second, Millennium asserts, Acres' purported transfer of its property to Miller should be deemed ineffective, because it is an attempt to circumvent the rule requiring a corporation to appear by counsel.

From there, Millennium proceeds to argue that the Court should preclude Acres from submitting any proof relating to the just compensation due regarding its three parcels. That would leave only Millennium's evidence, in the form of opinion testimony of its expert, Donald Fisher. Fisher sets just compensation as to Acres' property at $16,000. Dkt. #68-2 ¶ 41.

Apparently both sides' experts, Fisher and Coles, agreed that the correct figure for the fourth parcel, *i.e.*, the one that has belonged to Miller from the beginning, is $3000. According to Millennium, the Court should therefore enter summary judgment awarding defendants a total of $19,000, as to all four parcels.

A fundamental premise of Millennium's argument, then, is that the transfer of the properties from Acres to Miller was invalid. I disagree with that assertion.

It is clear that a corporation cannot appear without an attorney, and while a corporation's principal can appear *pro se* in his individual capacity, he cannot do so on behalf of the corporation. That rule is well established.

To that end, courts have disapproved of attempts to circumvent that principle by means of assigning a corporation's *claims* to an individual. *See*, *e.g.*, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) ("In light of [the] policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual") (citing cases); *see*, *e.g.*, *Lupowitz, Inc. v. Eclipse Holdings, Inc.*, 108 F.3d 1370 (table), 1997 WL 138459, at *1 (2d Cir. 1997) (affirming district court's finding that corporation's assignment of its counterclaims to an individual did not mean that individuals could prosecute those counterclaims *pro se*).

This case, however, does not involve the attempted assignment of a corporation's claim to an individual. For one thing, neither Acres nor Miller has a "claim" against Millennium as such. As the owners of the affected parcels, they are (or Acres was, when it held title to the properties) entitled to just compensation for the takings, but they have not brought an actual

- 3 -

claim against Millennium.  *Cf. Jones*, 722 F.2d at 21 (disallowing attempt by corporation's sole stockholder to bring claim, *pro se*, on behalf of corporation against public authority).

Even if the Court were to broadly construe the term "claim" to cover the just compensation due here, Acres has not purported to assign such a claim to Miller.  Instead, Acres has transferred to Miller title to the property at issue.  In general, a landowner has an unfettered right to transfer its property.

One does not need a crystal ball to divine the reason for the transfer. Regardless of the motivation behind that transfer, I see no grounds upon which the Court can simply disregard that transfer or declare it invalid.  *Cf. United States v. 2.50 Acres of Land*, No. 00-1526-CIV, 2002 WL 34543384, at *3 (S.D.Fla. Aug. 27, 2002) (holding that individual could not represent dissolved corporations in condemnation action, either as the "trustee representative" or the "designated registered agent" of the corporations, where title to the property at issue was held by the corporations), *report and recommendation adopted*, 2002 WL 34543073 (S.D.Fla. Oct. 3, 2002).  The right to just compensation does not arise from Acres' existence as a corporation, but by virtue of its ownership of the land.  Once that ownership passed to Miller from the corporation, the right to compensation necessarily passed as well.

That does not end the Court's inquiry, however, nor does it resolve all the issues before me.  The question remains how Miller intends to establish what he believes to be just compensation.

From the record, it appears that he may be either unwilling or unable to pay his expert, Coles, to testify at trial. If Miller believes that he can simply introduce Coles's report, without having Coles testify, he is mistaken.  The report itself is hearsay.  As such, it is presumptively inadmissible. *See Central On Line Data Systems, Imc. v. Filenet Corp.*, 99 F.3d 1138 (table), 1996 WL 483031, at *8 (6th Cir. 1996) (report by plaintiff's expert was properly excluded as hearsay, since plaintiff did not call expert himself to testify, no exceptions to hearsay rule applied).

Nor can Miller get in his expert's opinion through the "back door" by means of his own testimony. Although there is authority that a landowner is generally competent to testify as to the value of his land, *see Millennium Pipeline Co. v. Certain Permanent & Temp. Easements in Town of Erin*, 919 F. Supp. 2d 297, 301 (W.D.N.Y. 2013) (citing cases), *aff'd*, 552 F. Appx. 37 (2d Cir. 2014), that does not mean that the landowner can simply repeat what an appraiser told him. To allow a landowner to present hearsay in the guise of his own lay opinion testimony would eviscerate the rule against the admission of hearsay. *Cf. Polythane Systems v. Marina Ventures Int'l*, 993 F.2d 1201, 1207 (5th Cir. 1993) (fact that defendant's expert relied on portions of report prepared by plaintiff's expert, who did not testify, did not make plaintiff's expert's report admissible at trial).

I also note that in his "final demand" regarding settlement, Miller informed defense counsel that if the matter goes to trial, he "will be demanding attorney's fees, appraiser's fees, and costs," above and beyond the amount awarded as just compensation. Miller states that "[t]hese costs exceed $85,000.00."

At this point, questions concerning fees and costs are not before me or ripe for decision. On the other hand, since Miller has elected to proceed without the help of counsel, he should be aware that his assertion to Millennium's counsel concerning settlement may be misguided and overly optimistic in terms of the items he seeks to recover at trial, e.g., attorneys fees and expert witness fees. Attorneys fees and expert witness fees are not recoverable, but are costs each side must bear.

Miller should be aware that courts routinely hold that "there is no provision for an award of attorneys' fees in the Natural Gas Act ... ." *Northern Natural Gas Co. v. Approx. 9117 Acres in Pratt, Kingman, and Reno Counties, Kansas*, __ F.Supp.3d __, 2015 WL 4134322, at *24 (D.Kan. July 8, 2015). *See also Williston Basin Interstate Pipeline Co. v. Prop. Interests Necessary to Conduct Gas Storage Operations*, No. CV 09-167, 2010 WL 5104991, at *3 (D. Mont. Dec. 9, 2010) ("there is no basis in the Natural Gas Act or Rule 71.1 Fed. R. Civ. P.

[relating to condemnation actions] for an award of attorney fees"). The United States Supreme Court has expressly stated that "[a]ttorneys' fees *and expenses* are not embraced within just compensation ... ." *United States v. Bodcaw Co.*, 440 U.S. 202, 203 (1979) (emphasis added) (holding that property owner's appraisal expenses were not part of "just compensation" required by the Fifth Amendment). *See also* Fed. R. Civ. P. 71.1(l) ("Costs [in condemnation proceedings] are not subject to Rule 54(d)" [which governs costs in civil proceedings generally]).

In addition, while Rule 54(d) makes costs, other than attorney's fees, generally available to the "prevailing party," in condemnation cases where just compensation is at issue, the condemnor (here, Millennium) should usually be considered as having "prevailed," in the sense that it obtained the rights that it sought. *See Guardian Pipeline v. 950.80 Acres of Land*, 2007 WL 1628350, at *2 (N.D.Ill. ) (explaining that "generally the condemnor will be the prevailing party," which is why Rule 54(d) is inapplicable to condemnation actions) (citing Advisory Committee Notes to Rule 71.1). In other words, even if Rule 54(d) applied here, it would ordinarily be Millennium, not Miller, that would be entitled to costs.

Beyond that, costs under Rule 54(d) generally do not include fees charged by expert witnesses, and certainly do not include such fees for pre-trial work, in anticipation of litigation. Section 1821(b) of Title 28 provides that witnesses "shall be paid an attendance fee of $40 per day for each day's attendance," as well as travel expenses. Such fees are properly taxable as costs under Rule 54(d); *see also* 28 U.S.C. § 1920(3). But costs taxable to one's opponent do not include a premium charged by an expert witness for his services.

"As employed in Rule 54(d)(1), 'costs' is a term of art that refers only to those particular expenses that may be taxed to the opponent under 28 U.S.C. § 1920 as an incident of the judgment in the action." 10 Moore's Federal Practice, § 54.103[1] (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45 (1987)). In line with that general principle, the amount of a witness's daily attendance fee is limited to that established by § 1821(b). In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), the Supreme Court rejected the

argument that Rule 54(d)(1) permits the court to exercise its discretion to tax costs for expert witnesses in excess of the statutory amounts provided in § 1821. *See id.* at 441-45; *see also Berkley Trace, LLC v. Food Lion, LLC*, 2013 WL 5718867, at *10 (D.Md. Oct. 13, 2013) ("under federal law, district courts do not have discretion under Rule 54(d) to tax expert fees as costs") (citing *Crawford Fitting*, 482 U.S. at 437). Thus, regardless of the outcome of this case regarding just compensation, Miller should not expect to receive an award for the fees charged by his expert.

## CONCLUSION

Plaintiff's motion (Dkt. #68) for an order finding defendant Acres of Land in default, precluding certain evidence by Acres of Land or defendant Richard Miller, and granting summary judgment in favor of plaintiff, is denied. To the extent that issues presented by that motion remain, they will be addressed and decided by the Court at or after the trial of the issues in this case, as appropriate.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
   October 16, 2015.